UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and THE STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK LOCAL UNION NO. 806, | Index No.: 20-CIV-10764 |
| Plaintiffs,<br>-against- | COMPLAINT |
| ALL AMERICAN PRESSURE CLEANING & PAINTING, INC. A/K/A ALL AMERICAN PRESSURE CLEANING & PAINTING CO.,<br><br>Defendant. | |

---

Plaintiffs, Trustees of the Local 806 Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and the Structural Steel and Bridge Painters of Greater New York Local Union No. 806, (hereinafter referred to as the "Union" or Local Union No. 806) or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## NATURE OF THE ACTION AND JURISDICTION AND VENUE

1.  This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)) and 28 U.S.C. Section 1367; and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA, the Taft Hartley Act and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required fringe benefit contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees, and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union.  The Funds are

authorized to collect fringe benefit contributions on behalf of the employees and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and the Policy for Collection of Delinquent Contributions (hereinafter referred to as "the Policy")  that concerns the protection of employee benefit rights.

7.  The Funds are also the collecting agent for the Labor –Management Cooperation Initiative and National Finishing trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8.  The Funds' maintain an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. The Union brings this action for dues check-off and other contributions owed pursuant to the Agreement.

11.  The Union maintains an office for the transactions of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

12. Upon information and belief, the Defendant, All American Pressure Cleaning & Painting, Inc. a/k/a All American Pressure Cleaning & Painting Co. (hereinafter referred to as "Defendant" "Employer" or "All American") at all relevant times, was and/or is an "employer" within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA (29 U.S.C. Sections 1002(5), (11) and (12) and (1145) and was and/or still is an employer in an industry affecting commerce within the meaning of Section 301 of the

Taft-Hartley Act (29 U.S.C. Section 185). All American is an Employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to the Agreement, all as defined in ERISA 3(3) and (37) and is obligated to make contributions to the plans in accordance with ERISA Section 515, 29 U.S.C. Section 1145.

13. Upon information and belief, All American was and/or is a for-profit domestic corporation with its principal places of business at 130-21 142nd, St. Jamaica, New York 11436 and 4696 NW 133rd Street, Miami, Florida 33054.

## BACKGROUND

14. Upon information and belief and at all relevant times, on or about December 2018, the Department of Transportation (hereinafter referred to as the "DOT) commenced the restoration of the FDR Drive Highway and Bridge bearing contract number D263814 (hereinafter referred to as the "Project").

15. Upon information and belief, the DOT contracted with Perfetto Contracting Company Inc. to serve as the primary contractor for the Project. Thereafter, Perfetto hired All American as its subcontractor.

16. During the period July 2019 through August 2019, All American employed five union members of Plaintiff Local Union No. 806 to perform work on the Project.

17. The Plaintiff Local Union No. 806 Agreement wherein the Funds are third party beneficiaries, required that All American, among other things, remit wages to its union workers and fringe benefit contributions to the Funds in a timely fashion for work performed by its union workers within the trade and geographical jurisdiction of the Union. All American was required to pay the wages and benefits for these five individuals for each hour of work performed by these individuals on the Project.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

18. The Employer executed an Agreement with the Union

19. The Agreement and Policy requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established by Plaintiff Funds.

20. Upon information and belief, as a result of work performed at the Project by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Plaintiff, from the Employer contribution reports, fringe benefit contributions, and wages.

21. The Employer has failed and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the Agreement for the period weeks ending July 20, 2019, July 27, 2019, August 3, 2019 and August 10, 2019 in the minimum amount of $18,761.07.

22. The Employer has also failed and refused to remit to the Funds wages for five employees due and owing under the Agreement in the amount of $9,924.75.

23. These amounts described in paragraph 22 above are due and owing to the Funds and are based upon shop steward reports and sign-in sheets at the Project.

24. The Employer's failure, refusal or neglect to remit the proper contributions, reports, and wages to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

25. Pursuant to the Agreement and the Policy upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 20% of the delinquent contributions.  In addition, if

5

enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorneys' fees, court costs and disbursements.

26. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs the minimum amount of $18,761.07 in unpaid contributions and $9,924.75 in wages, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if fully set forth at length herein.

28. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

29. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

30. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

31. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries

and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

32. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and wages and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

33. Accordingly, the Employer is liable to the Funds in the minimum principal amount of $18,761.07 in contributions, plus liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" of this Complaint as if set forth at length herein.

35. Pursuant to ERISA, the Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions and reports to plaintiffs.

36. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement, and Trust Indenture.

37. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, All American Pressure Cleaning & Painting, Inc. a/k/a All American Pressure Cleaning & Painting Co. as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of **$18,761.07** representing benefit fund contributions for the period weeks ending July 20, 2019, July 27, 2019, August 3, 2019 and August 10, 2019, plus

7

interest, liquidated damages, attorneys' fees, court costs and disbursements. In the minimum sum of **$9,924.75** representing wages for four employees all in accordance with the Trade Agreement and the policy for collection of delinquent contributions

On the Third Claim for Relief:

> (b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

> (c) For such other and further relief as to the Court deems appropriate.

Dated:  Elmsford, New York
        December 21, 2020

                              Respectfully submitted,

                              BARNES, IACCARINO &
                              SHEPHERD LLP

                              Dana L. Henke
                              Attorneys for Plaintiffs
                              258 Saw Mill River Road
                              Elmsford, New York 10523
                              (914) 592-1515